UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| PAUL MAAS RISENHOOVER, )<br>*ex rel Estate of Dr. KUO*, *et al*., )<br>                                        )<br>      Plaintiffs, )<br>                                        )<br>      v. )<br>                                        )<br>KARL THOMAS, *et al*., )<br>                                        )<br>      Defendants. ) | Civil Action No. 1:22-cv-03298 (UNA) |

**MEMORANDUM OPINION**

This matter is before the court on its initial review of plaintiffs' *pro se* complaint, ECF No. 1, and application for leave to proceed *in forma pauperis* ("IFP"). The court will grant the application for leave to proceed IFP on behalf of Paul M. Risenhoover only, and it will dismiss the case for the reasons explained below.

The primary plaintiff, Mr. Risenhoover, is a resident of Taiwan, and has filed a complaint, and an additional supplement in support, *see* ECF No. 4, against several federal officials and military officers, *see* Compl. at 1. He attempts to bring this suit as a class action on his own behalf, and on behalf of an estate, a few other named individuals, and "60,000+ members of the Taiwan Civil Government." *Id*.

First, Mr. Risenhoover cannot bring this lawsuit as a class action, or otherwise, on behalf of other entities or individuals. As a general rule, a *pro se* litigant can represent only himself or herself in federal court. *See* 28 U.S.C. § 1654 ("In all courts of the United States the parties may plead and conduct their own cases personally or by counsel[.]"); *Georgiades v. Martin-Trigona*, 729 F.2d 831, 834 (D.C. Cir. 1984) (same); *U.S. ex rel. Rockefeller v. Westinghouse Elec. Co.,* 274 F. Supp. 2d 10, 16 (D.D.C. 2003) (same), *affd sub nom. Rockefeller ex rel. U.S. v. Washington*

*TRU Solutions LLC*, No. 03-7120, 2004 WL 180264 (D.C. Cir. Jan. 21, 2004).  This requirement also includes the submission of separate and individually executed IFP applications, *see generally*, 28 U.S.C. §§ 1915, 1915A, and here, only Mr. Risenhoover has done so.  Moreover, an estate, as an artificial entity, cannot proceed in federal court without licensed counsel. *See Fromm v. Duffy as Tr. of Gary Fromm Family Tr.*, No.19-cv-1121, 2020 WL 109056, at *4 (D.D.C. Jan. 9, 2020) (noting that "[c]ourts have interpreted [§ 1654] to preclude a non-attorney from appearing on behalf of another person or an entity such as a corporation, partnership, or trust"); *see also Casares v. Wells Fargo Bank, N.A.*, No. 13-cv-1633, 2015 WL 13679889, at *2 (D.D.C. May 4, 2015) (a "plaintiff, who is proceeding *pro se*, cannot represent the trust in federal court, even as the trustee, as he is not a licensed attorney"), citing *Hale Joy Trust v. Comm'r of IRS*, 57 Fed. App'x. 323, 324 (9th Cir. 2003); *Knoefler v. United Bank of Bismark*, 20 F.3d 347, 348 (8th Cir. 1994).  To that same end, an artificial entity also cannot proceed under the IFP statute, 28 U.S.C. § 1915(a)(1); the Supreme Court has interpreted that provision as applicable "only to individuals" or "natural persons," not "artificial entities." *Rowland v. California Men's Colony, Unit II Men's Advisory Council*, 506 U.S. 194, 201–07 (1993).

Second, the complaint and it supplement, taken together or separately, are mostly incomprehensible.  The allegations are vague, rambling, and incongruent, consisting primarily of his personal ruminations and speculation regarding international political and financial policy and his pursuit of purported secret documents and seized funds.  *See, e.g.,* Compl. at 1–14.

The complaint fails to comply with Rule 8(a) of the Federal Rules of Civil Procedure, which requires complaints to contain "(1) a short and plain statement of the grounds for the court's jurisdiction [and] (2) a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. 8(a); *see Ashcroft v. Iqbal*, 556 U.S. 662, 678-79 (2009); *Ciralsky v.*

*CIA*, 355 F.3d 661, 668-71 (D.C. Cir. 2004).  The Rule 8 standard ensures that defendants receive fair notice of the claim being asserted so that they can prepare a responsive answer and an adequate defense and determine whether the doctrine of *res judicata* applies.  *Brown v. Califano*, 75 F.R.D. 497, 498 (D.D.C. 1977).  When a pleading "contains an untidy assortment of claims that are neither plainly nor concisely stated, nor meaningfully distinguished from bold conclusions, sharp harangues and personal comments [,]" it does not fulfill the requirements of Rule 8.  *Jiggetts v. D.C.*, 319 F.R.D. 408, 413 (D.D.C. 2017), *aff'd sub nom. Cooper v. D.C.*, No. 17-7021, 2017 WL 5664737 (D.C. Cir. Nov. 1, 2017).  "A confused and rambling narrative of charges and conclusions . . . does not comply with the requirements of Rule 8."  *Cheeks v. Fort Myer Constr. Corp.*, 71 F. Supp. 3d 163, 169 (D.D.C. 2014) (citation and internal quotation marks omitted).

The instant complaint falls into this category.  Neither the court nor defendants can reasonably be expected to identify plaintiffs' claims, and the complaint also fails to set forth allegations with respect to this court's subject matter jurisdiction over plaintiffs' entitlement to relief, if any.

For all of these reasons, the case is dismissed. The pending motion for CM/ECF password, ECF No. 3, is denied as moot.  A separate order accompanies this memorandum opinion.

/s/ Amy B Jackson

AMY BERMAN JACKSON
United States District Judge

Date:  December 13, 2022